# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DANIEL LEE HINSBERGER,

            Plaintiff,

      v.

SGT. JOHN COX, *et al.*,

            Defendants.

Case No. 3:19-cv-00029-SLG

## ORDER RE: MOTION FOR PRELIMINARY INJUNCTION

Self-represented prisoner Daniel Lee Hinsberger initiated a civil rights action under 42 U.S.C. § 1983 on January 31, 2019.[1]  On February 20, 2019, he filed a "Motion for Preliminary Injunctive Relief for Legal Copies of All Filings, and Plaintiff's Hinsberger's First Declaration" at Docket 5.  Mr. Hinsberger also submitted two exhibits with his motion.  Exhibit 1 is a memorandum dated January 28, 2019, regarding law library access protocols for the Fox Module of Spring Creek Correctional Center.[2]  Exhibit 2 is Mr. Hinsberger's signed Modified Housing Unit agreement.[3]

Mr. Hinsberger enumerates 10 paragraphs in his motion.  First, he states "(1) Legal Copies of all my filings into this Court are needed so that I can

---

[1] Docket 1.

[2] Docket 5-1.

[3] Docket 5-2.

'…pursue...' '…litigation…' in this '…civil…' case[.][4]   The second, third and fourth paragraphs addresses complaints made by other prisoners.[5]   In paragraph five, Mr. Hinsberger writes that he is being denied access to the general population law library and that written requests to use the segregation unit library are being "ignored."[6]   Paragraphs six through nine allege statements made by corrections personnel regarding ongoing civil prisoner lawsuits.[7]   Lastly in paragraph ten, Mr. Hinsberger tells the Court that another prisoner intends to file a sexual harassment lawsuit in state court against one of the defendants in this case to challenge the current library access protocols.[8]

For relief, Mr. Hinsberger does not specify a specific action of the named defendant that he seeks to enjoin.   As noted above, in paragraph one, he does request "(1) Legal Copies of all my filings into this Court are needed so that I can '…pursue...' '…litigation…' in this '…civil…' case[.][9]

## DISCUSSION

The Court interprets Mr. Hinsberger's requests for "legal copies of all my filings into this Court[.]" as the sole remedy he seeks.  Mr. Hinsberger is not explicit

---

[4] Docket 5 at 1.

[5] Docket 5 at 2.

[6] Docket 5 at 2.

[7] Docket 5 at 3.

[8] Docket 5 at 3.

[9] Docket 5 at 1.

about what action he seeks to enjoin. To the extent that Mr. Hinsberger also seeks to enjoin library access protocols, he has not demonstrated that he is entitled to such preliminary injunctive relief.

Plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[10]  Under this standard, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."[11]  In the Ninth Circuit, a sliding scale analysis may be applied in weighing factors (1), the likelihood of success on the merits, and (3), the balance of equities.[12]  Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[13]

Prisoners have a constitutional right to access the courts.[14]  This right "requires prison authorities to assist inmates in the preparation and filing of

---

[10] *Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[11] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in the original).

[12] *Id.* at 1131-32.

[13] *Sierra Forest*, 577 F.3d at 1022; citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987).

[14] *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Entler v. Gregoire*, 872

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[15]   However, this right is "quite limited" and prisoners need only to have "the minimal help necessary" to file legal claims.[16]   The right turns not on "the capability of turning pages in a law library," but of "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[17]   Prison officials may select the best method to ensure that prisoners will have these capabilities.[18]

To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury.[19]   An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[20]

Mr. Hinsberger provides an official memorandum to Fox Module residents regarding new protocols for using the Law Library in the Segregation Unit as well as Mr. Hinsberger's housing agreement.   Mr. Hinsberger does not plainly state

F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts[.]").

[15] *Bounds*, 430 U.S. at 828; *see also Phillips v. Hust*, 588 F.3d 562, 655 (9th Cir. 2009).

[16] *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999) (internal citations omitted).

[17] *Lewis*, 518 U.S. at 356-57.

[18] *Id.* at 256.

[19] *Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.

[20] *Lewis*, 518 U.S. at 348 (citation and internal quotations marks omitted).

what or who is causing the action he seeks to have enjoined. It appears that Mr. Hinsberger objects to the fact that he must undergo an invasive security search in order to access the law library. But it appears Mr. Hinsberger has access to the segregation law library.[21] Moreover, Mr. Hinsberger is living voluntarily in a modified housing unit. He knew that security protocol and program access would be different from other units.[22] Additionally, Mr. Hinsberger does not present an actual harm—how the lack of access has prevented him from filing suit, caused him to miss a court deadline, or some other articulable, irreparable harm.[23] Mr. Hinsberger appears to suggest that this Court should override Spring Creek's security protocols; however, Courts must give great deference to prison officials when considering prison regulations.[24]

When analyzed through the lens of a preliminary injunction, Mr. Hinsberger is unlikely to prevail on the merits, because no constitutional violation has been demonstrated. There is no showing of irreparable harm. Due to deference, the balance of equities rests with the prison officials establishing prisoner schedules,

---

[21] *See* Docket 5 and Docket 5-1.

[22] *See* Docket 5-2.

[23] *See* Docket 5.

[24] *Beard v. Banks*, 548 U.S. 521, 528 (2006); *see also Noble v. Adams*, 646 F.3d 1138, 1143 (9th Cir. 2011) (as amended) (explaining that courts should "defer to prison officials' judgment so long as that judgment does not manifest either deliberate indifference or an intent to inflict harm."); *Turner v. Safely*, 482 U.S. 78, 85 (1987) (providing that deference to prison officials is even greater when state prison officials are defendants in federal court.).

program access, and security protocols. Additionally, on these facts, there is no showing a preliminary injunction is in the public interest. Therefore, Mr. Hinsberger's motion for preliminary injunctive relief must be denied.

For the reasons explained above, Mr. Hinsberger cannot prevail on the merits, and therefore, his Motion for Preliminary Injunctive Relief, at Docket 5, is DENIED.

Mr. Hinsberger requests this Court grant him legal copies of all his legal filings. The Department of Corrections has a process and policy regarding legal copies for prisoners and an accommodation for indigent prisoners.[25] Regardless, the Court grants his request and the Clerk of Court is directed to provide Mr. Hinsberger one copy of his legal filings in this case. If additional copies are requested, they will be provided at a cost of 50 cents per page.

**IT IS THERFORE ORDERED.**

1. The Motion for Preliminary Injunctive Relief at Docket 5 is DENIED.

2. The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 3 is GRANTED. The Court will issue a separate order with directions for filing fee collection.

3. The Application to Proceed *In Forma Pauperis* at Docket 4 is DENIED.

---

[25] Alaska Dept. of Corrections Policy 808.12 "Photocopying for Prisoners" (January 25, 2013).

4.  The Clerk of Court is directed to provide Mr. Hinsberger with a docketed copy of his legal filings in this case.

DATED this 26th day of March, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE